IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Premiere A. Pouncey, a/k/a Premiere Antoine Pouncey, ) ) ) | Case No.: 4:25-cv-01346-JD-TER |
| Plaintiff, ) ) | |
| vs. ) ) | **ORDER AND OPINION** |
| MTRP Anderson, Jr., South Carolina Department of Public Safety, Dillon County Sheriff Department, The State of South Carolina, ) ) ) ) ) | |
| Defendants. ) ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, (DE 30) issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses Plaintiff Premiere A. Pouncey, a/k/a Premiere Antoine Pouncey's ("Plaintiff") failure to comply with the Magistrate Judge's order dated May 9, 2025 (DE 24). (DE 30.)[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates herein. A brief summary is provided for context.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Plaintiff Premiere A. Pouncey, proceeding *pro se*, initiated this civil action on March 5, 2025, alleging claims arising from a purported unlawful arrest and breach of contract involving multiple defendants, including MTRP Anderson, Jr., the South Carolina Department of Public Safety, the Dillon County Sheriff's Department, and the State of South Carolina. (DE 1.) Plaintiff subsequently filed a Motion for Default Judgment against two defendants, asserting that they failed to respond to the complaint following service. (DE 27.)

On May 9, 2025, the United States Magistrate Judge issued a Proper Form Order requiring Plaintiff to correct deficiencies in his service documents, specifically instructing him not to use a post office box address and to provide valid street addresses for each defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure. (DE 24.) Despite this directive, Plaintiff failed to provide corrected summonses, and the Clerk of Court did not issue summonses bearing the court's seal under the Rule. Plaintiff later filed a Motion to Set Hearing on the Default Motion (DE 34) but did not cure the underlying procedural defects.

The docket reflects that the May 9, 2025, Order was mailed to Plaintiff and has not been returned as undeliverable, giving rise to the presumption that Plaintiff received the Order. (DE 25.) Subsequently, however, the Clerk of Court entered a notice stating that the mail regarding the Report and Recommendation issued on June 11, 2025, was returned undeliverable. (DE 42.)

2

### B. Report and Recommendation

In the Report dated June 11, 2025, the Magistrate Judge recommended dismissal of the action without prejudice and denial of Plaintiff's Motion for Default Judgment. (DE 30.) The Report concluded that Plaintiff failed to comply with the Court's prior Proper Form Order (DE 24), which instructed him to submit properly completed summons forms containing a full street address for each defendant, and reiterated that only the Clerk may issue summonses under Rule 4(b). Because Plaintiff did not comply, summonses were never properly issued by the Clerk.

The Magistrate Judge noted that Plaintiff's service efforts were procedurally deficient and that the default judgment motion was, therefore, premature and unsupported. (DE 30.) The Report emphasized that, even as a *pro se* litigant, Plaintiff is subject to the same requirements for service of process, and actual notice does not excuse failure to comply with Rule 4. (DE 30.) The Report also cited Rule 41(b) and the Court's inherent authority to dismiss actions for failure to prosecute and failure to comply with Court orders.

The Report warned Plaintiff that failure to comply with the Proper Form Order could result in dismissal of the case. (DE 30.) As of the Report, Plaintiff had not complied, and no objections to the Report were filed within the time allowed.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there

3

is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

The Court has reviewed the record and finds no clear error on the face of the record. Accordingly, the Court adopts the Report and Recommendation. (DE 30.)

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment (DE 27) is DENIED and that this case is DISMISSED without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Florence, South Carolina
July 28, 2025

Joseph Dawson, III
United States District Judge

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4