IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Premiere A. Pouncey, a/k/a Premiere Antoine Pouncey,<br><br>Plaintiff,<br><br>vs.<br><br>MTRP Anderson, Jr., South Carolina Department of Public Safety, Dillon County Sheriff Department, The State of South Carolina,<br><br>Defendants. | Case No.: 4:25-cv-01346-JD-TER<br><br><br>ORDER AND OPINION |

This matter is before the Court on Plaintiff Premiere A. Pouncey's ("Plaintiff") Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) (DE 48), seeking reconsideration of the Court's July 28, 2025, Order adopting the Report and Recommendation of the Magistrate Judge and dismissing this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b) (DE 43, 44). Plaintiff also previously filed a Declaration of Non-Receipt of Court Correspondence (DE 40), in which he asserted that he had not received court correspondence related to this case and requested that the Court reinstate or extend his time to respond. (DE 40.) For the reasons below, the Court grants limited relief under Rule 60(b).

## I.    BACKGROUND

Plaintiff, proceeding pro se, initiated this civil action on March 5, 2025, asserting claims arising from a purported unlawful arrest and related events. (DE 1.) During the proper-form process, the Magistrate Judge issued multiple orders

1

directing Plaintiff to cure deficiencies in his service documents, including orders entered on March 14, 2025, April 11, 2025, and May 9, 2025. (DE 6, 16, 24.) The Clerk mailed those orders to Plaintiff at the addresses then reflected on the docket. (DE 7, 17, 25.) Plaintiff thereafter filed, among other things, certificates of service, a motion for default judgment, and a motion for a hearing on default judgment. (DE 26, 27, 34.)

On June 11, 2025, the Magistrate Judge issued a Report and Recommendation ("Report"), recommending that the case be dismissed without prejudice and that Plaintiff's motion for default judgment be denied. (DE 30.) The Clerk mailed the Report to Plaintiff at his address of record, and objections were due on or before June 25, 2025, with any additional time allowed by Rule 6. (DE 30, 31.) No objections were filed within the time permitted.

On July 8, 2025, before the Court ruled on the Report, Plaintiff filed a Declaration of Non-Receipt of Court Correspondence. (DE 40.) In that filing, Plaintiff declared that he had been informed on July 8, 2025, that court correspondence related to this case had been sent on June 11, 2025, but that neither he nor his designated notary had received it. (DE 40 at 1–2.) Plaintiff further requested that the Court "reinstate or extend" his time to respond due to the non-receipt of that communication. (DE 40 at 2.) The docket also reflects a clerk staff note entered on July 8, 2025, stating that Plaintiff called and said he did not receive the Report and Recommendation and would be mailing something in to say that. (DE 39.)

On July 23, 2025, the Clerk docketed the mailing of the Report and Recommendation as returned undeliverable. (DE 42; see also DE 49.) Five days later, on July 28, 2025, the Court entered an Order adopting the Report and Recommendation and dismissing the case without prejudice under Rule 41(b). (DE 43.) The Court entered Judgment the same day. (DE 44.)

On September 25, 2025, Plaintiff filed the present Rule 60(b), again asserting that he did not receive notice of the Report and requesting that the Court vacate the judgment and permit him an opportunity to respond. (DE 48.) The Motion is now before the Court for disposition.

## II.    LEGAL STANDARD

Rule 60(b), Fed. R. Civ. P., allows a party to obtain relief from a final judgment based on the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. "The powers reflected in Rule 60(b) are subject to limitations imposed by the rule itself and by precedent." United States v. Winestock, 340 F.3d 200, 204 (4th Cir. 2003). "The rule establishes time limits for motions

alleging certain grounds for relief. Judicial decisions, meanwhile, have described the limits of relief available under particular components of the rule." Id. (citing Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 86364 (1988) (discussing the proper use of Rule 60(b)(6)'s "catch-all" provision)).

> Also, the rule provides a remedy that 'is extraordinary and is only to be invoked upon a showing of exceptional circumstances.' A motion under Rule 60(b) must be timely brought, and the movant assumes 'the burden of showing a meritorious defense against the claim on which judgment was entered as a threshold condition to any relief whatsoever under the Rule.'

McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir. 1991) (internal citations omitted.)

## III.    DISCUSSION

The Court construes Plaintiff's Declaration of Non-Receipt (DE 40) and Motion for Relief from Judgment (DE 48) as asserting that Plaintiff did not timely receive the Report and Recommendation. On this record, the Court finds that limited Rule 60(b) relief is warranted.

This is not a case in which Plaintiff first raised non-receipt only after judgment had been entered. Rather, before the Court adopted the Report, Plaintiff filed DE 40 stating under penalty of perjury that he had not received the June 11, 2025, court correspondence and asking the Court to reinstate or extend his time to respond. (DE 40 at 1–2.) The docket separately confirms that, on the same date, Plaintiff contacted the Clerk's Office and reported that he had not received the Report and Recommendation. (DE 39.) Then, on July 23, 2025, before the Court ruled, the mailed Report and Recommendation was docketed as returned undeliverable. (DE 42.)

4

Those circumstances distinguish this matter from the ordinary case in which a party fails to object within the allotted time. By the time the Court entered DE 43 and DE 44, the record reflected both Plaintiff's pre-judgment assertion of nonreceipt and the return of the Report mailing as undeliverable.

To be sure, the Court does not conclude that Plaintiff failed to receive every prior order entered in the case. The docket reflects that Plaintiff filed several documents during the proper-form process, indicating that he did receive at least some court communications. (DE 7, 9, 14, 17.) Nor does the Court now reach the merits of the Report or determine whether Plaintiff's failure to comply with the proper-form orders should ultimately result in dismissal. The question presently before the Court is narrower: whether Plaintiff should be allowed to file objections to the Report, given that the record shows he timely alerted the Court that he had not received it and that the mailing was later returned as undeliverable. On that limited question, the Court answers yes.

The Court further finds that reopening the case for the limited purpose of permitting objections will not unfairly prejudice Defendants. The case was dismissed at the proper-form stage, and no response opposing Plaintiff's Rule 60(b) motion appears on the docket. Reopening the matter solely to allow objections to the Report preserves the integrity of the magistrate judge review process without prejudging whether the Report will ultimately be adopted.

Thus, given Plaintiff's pre-judgment notice of nonreceipt and the subsequent return of the mailed Report and Recommendation as undeliverable, the Court concludes that limited relief under Rule 60(b) is appropriate.

## IV. CONCLUSION

For these reasons, the Court construes Plaintiff's Declaration of Non-Receipt (DE 40) and Motion for Relief from Judgment (DE 48) as asserting that Plaintiff did not timely receive the Report and Recommendation. Given Plaintiff's pre-judgment notice of nonreceipt and the subsequent return of the mailed Report and Recommendation as undeliverable, the Court finds that limited relief under Rule 60(b) is warranted.

Accordingly, the Court VACATES the Order adopting the Report and Recommendation (DE 43) and the Judgment (DE 44). The case is REOPENED only to permit Plaintiff to file objections to the Report and Recommendation (DE 30).

The Clerk is DIRECTED to re-mail the Report and Recommendation (DE 30) to Plaintiff at his address of record. Plaintiff shall file any objections to the Report and Recommendation within fourteen (14) days of the date of this Order.

IT IS SO ORDERED.

Florence, South Carolina
April 10, 2026

Joseph Dawson, III
United States District Judge

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within 30 days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

6