IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Premiere A. Pouncey, | ) | Case No.: 4:25-1346-JD-TER |
| a/k/a Premiere Antoine Pouncey, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| MTRP Anderson, Jr., South Carolina | ) | |
| Department of Public Safety, Dillon | ) | |
| County Sheriff Department, The State | ) | |
| of South Carolina, | ) | |
| | ) | |
| Defendants. | | |

This matter is before the Court on the Report and Recommendation ("Report")

of United States Magistrate Judge Thomas E. Rogers, III (DE 30), issued pursuant

to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.

The Report addresses Plaintiff Premiere A. Pouncey, a/k/a Premiere Antoine

Pouncey's ("Plaintiff") failure to comply with the Magistrate Judge's proper-form

orders and failure to effect proper service upon Defendants.[1] (DE 30.) The Report

recommends that this action be dismissed without prejudice pursuant to Federal Rule

of Civil Procedure 41(b) and that Plaintiff's Motion for Default Judgment (DE 27) be

denied.[2] (*Id.*)

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2]     The Court previously adopted the Report and Recommendation and dismissed this action. (DE 43, 44.) Thereafter, the Court granted Plaintiff limited relief under Federal Rule of Civil Procedure 60(b), vacated the prior Order and Judgment, and reopened the case for the limited purpose of

1

## A.     Background

Plaintiff, proceeding *pro se*, commenced this action on March 5, 2025, against MTRP Anderson, Jr., the South Carolina Department of Public Safety, the Dillon County Sheriff Department, and the State of South Carolina. (DE 1.) Plaintiff's Complaint arises from an alleged unlawful traffic stop, arrest, and subsequent detention and seeks relief under federal law. (*Id.*)

Because Plaintiff was proceeding without counsel, the Magistrate Judge conducted a proper-form review of the action and issued multiple orders directing Plaintiff to cure deficiencies necessary for service of process. (DE 6, 16, 24.) In the May 9, 2025, proper-form order, the Magistrate Judge explained that Plaintiff's summons submission remained deficient because Plaintiff had not provided a complete street address for service. (DE 24.) The order instructed Plaintiff to complete one summons form for each defendant, to provide a complete name and full street address for each defendant to be served, and to refrain from writing additional material on the summons forms. (*Id.*) The order also advised Plaintiff that only the Clerk may issue summonses signed and sealed by the Court and expressly warned that failure to bring the case into proper form could result in dismissal under Rule 41. (*Id.*)

Plaintiff thereafter filed certificates of service and motions seeking default judgment and a hearing on default judgment. (DE 26, 27, 34.) But the Clerk had not issued signed and sealed summonses for service because the proper-form deficiencies

permitting Plaintiff to file objections to the Report. (DE 53.) Plaintiff subsequently filed objections. (DE 56.)

had not been cured. The docket also reflects that the Dillon County Sheriff Department filed an answer. (DE 19.) That appearance, however, did not cure the absence of properly issued summonses as to the remaining defendants and did not establish a basis for default judgment against any defendant.

On June 11, 2025, the Magistrate Judge issued the Report recommending that Plaintiff's Motion for Default Judgment be denied and that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the Court's proper-form orders and failure to effect proper service. (DE 30.) The Court subsequently adopted the Report and entered judgment dismissing the action. (DE 43, 44.) Thereafter, Plaintiff asserted that he had not timely received the Report and Recommendation and sought relief from judgment. (DE 40, 48.) By Order dated April 10, 2026, the Court granted limited relief under Federal Rule of Civil Procedure 60(b), vacated its prior Order and Judgment, reopened the case for the limited purpose of permitting Plaintiff to file objections to the Report, and directed that the Report be re-mailed to Plaintiff. (DE 53.)

**B.      Report and Recommendation**

As noted above, the Report recommends that Plaintiff's Motion for Default Judgment (DE 27) be denied and that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). (DE 30 at 5.) The Magistrate Judge reviewed the procedural history of the case and the multiple proper-form orders entered during the litigation. (*Id.* at 1–4.) The Report explained that Plaintiff was repeatedly advised of deficiencies preventing service of process, including deficiencies

in the summons forms he submitted to the Court. (*Id*. at 2–4.) The Magistrate Judge noted that Plaintiff was specifically instructed to provide complete names and street addresses for service, was informed that post office box addresses were insufficient for service purposes, and was advised that only the Clerk of Court—not Plaintiff— could issue signed and sealed summonses pursuant to Federal Rule of Civil Procedure 4. (*Id*. at 2–4.)

The Report further observed that, despite receiving multiple opportunities to cure these deficiencies, Plaintiff failed to submit properly completed summons forms that would permit service to be authorized. (*Id*. at 3–4.) Instead, Plaintiff filed various documents, including certificates of service and a Motion for Default Judgment, even though no summonses had been issued by the Clerk and no Defendant had been properly served. (*Id*. at 3–4.)

Turning to Plaintiff's Motion for Default Judgment, the Magistrate Judge concluded that the motion should be denied because Defendants had not been properly served and, therefore, were not subject to default. (*Id*. at 4–5.) The Report explained that Plaintiff's filings reflected a misunderstanding of the service requirements set forth in Rule 4 and the Court's prior orders. (*Id*.)

After considering the relevant factors governing dismissal under Federal Rule of Civil Procedure 41(b), the Magistrate Judge concluded that dismissal without prejudice was warranted. (*Id*. at 5.) In reaching that conclusion, the Report emphasized Plaintiff's repeated failure to comply with the Court's proper-form orders

4

despite multiple opportunities to do so and despite express warnings that failure to comply could result in dismissal of the action. (*Id.*)

The Report also addressed several arguments advanced by Plaintiff and noted that certain filings appeared to rely upon concepts associated with the sovereign-citizen movement. (*Id.* at 4 n.1.) The Magistrate Judge observed that courts have routinely rejected such theories as frivolous. (*Id.*) However, the recommendation was ultimately based upon Plaintiff's failure to comply with the Court's orders and the requirements governing service of process. Accordingly, the Magistrate Judge recommended that Plaintiff's Motion for Default Judgment be denied and that this action be dismissed without prejudice pursuant to Rule 41(b). (*Id.* at 5.)

## C.     Legal Standard

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In the absence of specific objections, the Court need not conduct a de novo review and must only satisfy itself that there is no clear error on the face of the record before adopting the recommendation. *Id.*; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D.    Plaintiff's Objections

Pursuant to the Court's April 10, 2026, Order granting limited relief under Federal Rule of Civil Procedure 60(b) and reopening the case for the limited purpose of permitting objections to the Report (DE 53), Plaintiff filed objections to the Report. (DE 56.) Liberally construed, Plaintiff raises four issues: (1) dismissal is premature because Rule 4(m) permits extensions of time for service; (2) denial of default judgment should not result in dismissal of the entire action; (3) Plaintiff attempted to comply with the Court's orders and should not be deemed to have failed to prosecute; and (4) the Report's reference to sovereign-citizen theories should not affect the disposition of the case. (DE 56.)

The Court addresses each objection in turn.

### 1.    Service of Process, Rule 4(m), and default judgment

Plaintiff first argues that dismissal is premature because Rule 4(m) permits the Court to extend the time for service, and because courts generally favor resolving cases on the merits. The Court agrees with the general proposition that Rule 4(m) permits additional time for service. If a plaintiff shows good cause for failure to serve within the prescribed time, the Court must extend the time for service; even absent good cause, the Court retains discretion to extend the service period. *See* Fed. R. Civ. P. 4(m); *Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022).

6

That discretion does not require another extension here. Plaintiff was given repeated opportunities to cure the same service-related deficiencies. The Magistrate Judge's May 9, 2025, order identified the precise defects and explained, in plain terms, what Plaintiff was required to do before the Clerk could issue summonses. (DE 24.) Plaintiff did not submit compliant summons forms. Instead, he attempted to proceed as though service had been completed and sought default judgment. On this record, the problem is not merely that service was late; it is that Plaintiff failed to comply with direct proper-form orders necessary to initiate service.

The Court also agrees with the Report that default judgment is unavailable. Entry of default and default judgment are inappropriate where a defendant has not been properly served with a summons and complaint. *See* Fed. R. Civ. P. 4, 55. Because the Clerk did not issue signed and sealed summonses based on Plaintiff's deficient submissions, Plaintiff's own service efforts did not place defendants in default. The Dillon County Sheriff Department's answer does not change that conclusion; an answering defendant is not in default, and its appearance does not establish default by the other defendants. Accordingly, Plaintiff's objections concerning Rule 4(m) and default judgment are overruled.

### 2.    Dismissal under Rule 41(b)

Plaintiff next objects that he made efforts to comply and that dismissal for failure to prosecute is too severe. (DE 56 at 2.) The Court has considered that objection de novo. Rule 41(b) authorizes dismissal when a plaintiff fails to prosecute or fails to comply with the Federal Rules of Civil Procedure or a court order. Fed. R.

Civ. P. 41(b). In determining whether dismissal is appropriate, courts consider the plaintiff's degree of personal responsibility, prejudice to the defendant, any history of dilatory conduct, and the availability of less drastic sanctions. *See Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).

Those factors support dismissal without prejudice. First, because Plaintiff is proceeding *pro se*, responsibility for complying with the proper-form orders rests with him. Second, although the prejudice to defendants is limited at this early stage, the case cannot proceed in an orderly manner while summonses remain unissued and service remains incomplete for defendants who have not appeared. Third, the record reflects repeated noncompliance with proper-form orders despite multiple opportunities to correct the deficiencies. Fourth, the Court has already employed a less drastic alternative by giving Plaintiff additional chances to cure and by warning that failure to comply could result in dismissal. (DE 24.)

The Court also notes that the recommended dismissal is without prejudice. That disposition is significant. It terminates this case because Plaintiff did not comply with the Court's orders, but it does not adjudicate the merits of Plaintiff's claims. Under the circumstances, dismissal without prejudice is an appropriate and measured sanction. Plaintiff's objection to dismissal under Rule 41(b) is overruled.

### 3.  References to sovereign-citizen theories

Plaintiff also objects to the Report's footnote stating that some of Plaintiff's attachments appeared to invoke sovereign-citizen or redemptionist theories. The Court does not rely on any label or characterization of Plaintiff's beliefs in resolving the Report. The dispositive issues are procedural: Plaintiff's failure to submit compliant summons forms after repeated orders and warnings, the absence of properly issued summonses, and the resulting lack of any basis for default judgment. To the extent Plaintiff objects to the sovereign-citizen discussion, the objection is overruled as immaterial to the Court's decision.

## E.  Conclusion

After conducting a de novo review of the portions of the Report to which Plaintiff specifically objected, and reviewing the remainder of the Report for clear error, the Court finds that the Magistrate Judge correctly recommended denial of Plaintiff's Motion for Default Judgment and dismissal without prejudice. The Court therefore adopts the Report as supplemented by this Order.

Accordingly, Plaintiff's objections (DE 56) are OVERRULED. The Report and Recommendation (DE 30) is ADOPTED and incorporated herein as supplemented. Plaintiff's Motion for Default Judgment (DE 27) is DENIED. This action is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 30, 2026

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.